# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LEON DEWAYNE TUSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-035-KEW |
| | ) | |
| COMMISSIONER OF THE SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Leon DeWayne Tush (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 53 years old at the time of the ALJ's decision. Claimant obtained a GED. Claimant has worked in the past as a construction worker. Claimant alleges an inability to work

3

beginning November 1, 2014 due to limitations resulting from degenerative disc disease, severe chronic pain, lung problems, right hand problems due to past breaks, left side, neck, shoulder, and arm "stay asleep", problems getting along with people, explosive anger, and depression.

**Procedural History**

On February 19, 2016, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On October 26, 2017, Administrative Law Judge ("ALJ") James Lichan conducted an administrative hearing by video with Claimant appearing in Muskogee, Oklahoma and the ALJ presiding from McAlester, Oklahoma. The ALJ entered an unfavorable decision on February 5, 2018. The Appeals Council denied review on November 30, 2018. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential

evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform less than a full range of light work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) his determination at step two; and (2) finding Claimant could perform other work at step five.

**Step Two Determination**

In his decision, the ALJ found Claimant suffered from the severe impairments of emphysema, degenerative disc disease of the lumbar spine, and depression. (Tr. 16). The ALJ determined Claimant retained the RFC to perform light work except his ability to perform a full range of light work was diminished by additional non-exertional limitations. These limitations include avoiding concentrated exposure to dusts, fumes, gases, and odors; restricting Claimant to work that is of SVP level 2 or less as defined by the *Dictionary of Occupational Titles* ("DOT") with the ability to apply common sense understanding to remember and carry out very short and simple written or oral instructions and make simple work-related decisions. Claimant could interact

5

occasionally with supervisors and co-workers, but he could have little or no contact with the general public. (Tr. 21).

After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of small products assembler, inspector packer, and bottling line attendant, all of which the ALJ found existed in sufficient numbers in the national economy. (Tr. 25). As a result, the ALJ concluded that Claimant was not under a disability from November 1, 2014 through the date of the decision. Id.

Claimant contends the ALJ erred at step two by failing to consider all of his impairments. Claimant asserts that the ALJ should have considered her cervical spondylosis with multiple level neuroforaminal narrowing and degenerative disc disease at C5-6 and C6-7 as a severe impairment. As noted by the ALJ, Claimant received an MRI of his spine on September 16, 2010 after a motor vehicle collision – some four years prior to the alleged onset date. Degenerative changes were noted in the form of multilevel marginal osteophytes, facet arthrosis, and Schmorl's notes at L4 and L5. The alignment of the spine was within normal limits with no acute displaced fracture, dislocation, or subluxation. (Tr. 365). The cervical spine showed straightening

6

which was believed to be secondary to muscle spasms. The alignment of the cervical spine was within normal limits with no spondylolisthesis identified and no fracture seen. Intervertebral disk space narrowing was noted at C5-C6 and C6-C7. Neural foraminal narrowing at multiple levels was noted secondary to facet joint and uncinated process hypertrophy. (Tr. 366). The ALJ concluded that no evidence appears in the record that Claimant ever sought medical care for this condition. (Tr. 16).

The ALJ acknowledged that Claimant's medical history does not support his claims of back problems and associated pain. On November 4, 2015, Claimant was seen at the NeoHealth Westville Family Medical Center complaining of back pain. It was noted at that time that Claimant smoked two packs of cigarettes per day. Noting Claimant's assertions of back pain, the clinic found no symptoms of sciatica, neck pain, joint pain, joint stiffness, limitation of joint movement, muscle pain, muscle weakness, arthralgias, arthritis, gait disorders, joint edema, joint erythremia, joint hyperemia, falls, or limb pain. He was well-nourished and was in no acute distress. Claimant's gait was normal, thoracic spine examination was normal, thoracic spine was non-tender to palpation, thoracic spine range of motion was normal,

7

and thoracic spine was stable. Claimant's lumbar spine revealed normal lumbar lodosis with no tenderness to palpation and normal range of motion. The lumbar spine was stable. Motor examination revealed normal tone, bulk, and strength. (Tr. 355).

Claimant returned to the clinic on September 12, 2017. Claimant's gait was painful. His cervical spine revealed no deformities, misalignment or mass. He had tenderness to palpation, pain with range of motion, and stability of the cervical spine. His thoracic spine was tender to palpation with painful range of motion. Claimant's lumbar spine showed normal lumbar lodosis but was tender and pain with range of motion. Straight leg raising was positive bilaterally. He had mild weakness in his motor examination and mild pain in his lower extremities with range of motion. (Tr. 389).

Claimant also underwent a consultative examination by Dr. Jimmie Taylor on March 24, 2016. Dr. Taylor noted Claimant had decreased range of motion with stiffness in his back with some paint with all movement. His grip was 4/5 on the right and 5/5 on the left. His dexterity was 5/5. He had a safe, stable gait with no assistive device and his heel, toe and tandem walks were within normal limits. (Tr. 337). Dr. Taylor diagnosed Claimant

with Chronic Obstructive Pulmonary Disease, degenerative joint disease in the shoulders, degenerative disc disease of the low back, radiculopathy radiating into his legs, tobacco addiction, decreased range of motion in the shoulders and low back, chronic pain, and exercise intolerance. (Tr. 338).

Where an ALJ finds at least one "severe" impairment, a failure to designate another impairment as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. Brescia v. Astrue, 287 F. App'x 626, 628-629 (10th Cir. 2008). The failure to find that additional impairments are also severe is not cause for reversal so long as the ALJ, in determining Claimant's RFC, considers the effects "of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'" Id. quoting Hill v. Astrue, 289 F. App'x. 289, 291-292, (10th Cir. 2008).

Moreover, the burden of showing a severe impairment is "de minimis," yet "the mere presence of a condition is not sufficient to make a step-two [severity] showing." Flaherty v. Astrue, 515

9

F.3d 1067, 1070-71 (10th Cir. 2007) quoting Williamson v. Barnhart, 350 F.3d 1097, 1100 (10th Cir. 2003); Soc. Sec. R. 85-28. At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

In this case, the ALJ did not end the sequential evaluation at step two by finding Claimant had no severe impairments. Moreover, he considered Claimant's back condition in the evaluation of the subsequent steps but discounted its effects due to the lack of treatment. (Tr. 21-24). Since he did not deny benefits at step two based upon the lack of any severe impairments, the ALJ's failure to include this condition does not constitute

reversible error.

Moreover, the ALJ's reliance upon the lack of medical treatment was proper. While Claimant attributes this fact to his lack of medical insurance, the record indicates that he attended free clinics for other conditions but did not continue to do so for his back. He also had SoonerCare available to him but curiously stated he could not take it out without taking child support from his child's mother. Claimant's continued and considerable expenditure of funds for cigarettes to the exclusion of seeking medical treatment is a valid consideration for the ALJ.

**Step Five Analysis**

Claimant also contends the exclusion of his degenerative disc disease and the associated effects from the hypothetical questioning of the vocational expert rendered the step five findings invalid. The hypothetical questioning included all of the limitations that the ALJ found to be properly included in the RFC. (Tr. 21, 51-52); Qualls v. Apfel, 206 F.3d 1368, 1373 (10th Cir. 2011). As a result, no error is found at step five.

**Conclusion**

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore,

11

this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 30th day of March, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE